The first of these two appeals arises from a Land Court judgment after a judge allowed the defendants' motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974).[4] The plaintiff, Richard G. Barry, argues on appeal that the judge erred in allowing the defendants' motion for judgment on the pleadings because Wells Fargo Bank, N.A., lacked standing to foreclose on his property. The second appeal arises from a decision of a single justice of this court vacating the Land Court judge's order allowing the plaintiff's motion for a stay pending appeal.[5] We conclude that there is no merit to either appeal. See Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569, 571 (2012) (mortgagee has standing to foreclose when mortgagee holds mortgage and also either holds underlying note or is acting on behalf of note holder). Here, Wells Fargo Bank, N.A., held both the mortgage and the note at the time of the notice of sale. We, thus, affirm the judgment of the Land Court and vacate the stay.
Judgment affirmed.
Stay pending appeal vacated.

The judge simultaneously granted the plaintiff leave to amend his complaint within fourteen days. He failed to do so.

The plaintiff appealed the single justice's order to a single justice of the Supreme Judicial Court. The single justice of the Supreme Judicial Court stayed this court's single justice order and directed the plaintiff to file an appeal to a panel of this court.